```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
IVA P. SPEYER,                          :
                        Plaintiff,      :
              -v-                       :
                                        :
KAREN KIESELSTEIN-CORD, KAREN CORD,     :      09 Civ. 3032 (DLC)
BARRY KIESELSTEIN-CORD, BARRY CORD,     :
KIESELSTEIN CORD IMPERIAL, LLC,         :      OPINION & ORDER
KIESELSTEIN CORD RETAIL, INC., FRANKLIN :
BONILLA, and KIESELSTEIN ENTERPRISES,   :
INC.,                                   :
                        Defendants.     :
---------------------------------------- :
BARRY CORD and KIESELSTEIN ENTERPRISES, :
INC.,                                   :
                        Third-Party     :
                        Plaintiffs,     :
              -v-                       :
                                        :
NATHANIEL L. HYMAN and THE HYMAN        :
COMPANIES, INC.,                        :
                        Third-Party     :
                        Defendants.     :
----------------------------------------X
```

Appearances:

For Plaintiff:
David Seth Halsband
Halsband Law Offices
Court Plaza South, 21 Main Street
East Wing, 3rd Floor, Suite 304
Hackensack, NJ 07601

For Defendants Karen Kieselstein-Cord, Karen Cord, Barry
Kieselstein-Cord, Barry Cord, Kieselstein Cord Imperial, LLC,
Kieselstein Cord Retail, Inc., and Kieselstein Enterprises,
Inc.:
Rebecca Walker Embry
Robert James Anderson
Landman Corsi Ballaine & Ford PC
120 Broadway, 27th Floor
New York, NY 10271

For Defendant Franklin Bonilla:
Scott M. Schweber
Law Office of Scott Schweber, P.C.
250 West 57th Street, Suite 1216
New York, NY 10107

For Third-Party Defendants:
Joseph A. Vogel
1040 Avenue of the Americas, Suite 1101
New York, NY 10018

DENISE COTE, District Judge:

Plaintiff Iva P. Speyer ("Speyer") brings this action for employment discrimination against jewelry designer and manufacturer Kieselstein Enterprises, Inc., its owner, Barry Cord (collectively "Kieselstein"),[1] and the manager of the jewelry store where Speyer worked, Franklin Bonilla ("Bonilla"). Kieselstein seeks indemnification from The Hyman Companies, Inc. ("Hyman Co."), a chain of costume jewelry stores through which Kieselstein sold its jewelry, and Hyman Co.'s principal, Nat L. Hyman ("Nat Hyman")[2].  For the following reasons, the third-party defendants' motion to dismiss is granted.

---

[1]  The Kieselstein defendants allege that they were incorrectly sued by Speyer under the names "Karen Kieselstein-Cord," "Karen Cord," "Barry Kieselstein-Cord," "Kieselstein Cord Imperial, LLC," and "Kieselstein Cord Retail, Inc."

[2] The third-party defendants allege that Nat Hyman was incorrectly sued as "Nathaniel L. Hyman."

BACKGROUND

Speyer filed her original complaint for employment discrimination in violation of the New York State and City human rights laws on March 27, 2009.  The original complaint named Nat Hyman as a defendant in addition to Kieselstein and Bonilla. Speyer alleged that she was employed by Kieselstein at a jewelry retail store at 1058 Madison Avenue, New York, New York (the "Madison Avenue Store") from November 2006 through March 10, 2009, and that she was sexually harassed by her manager, Bonilla.  Speyer further alleged that she was fired in retaliation after she complained of Bonilla's harassment.

Hyman Co. filed for bankruptcy under Chapter 11 on March 3, 2009, shortly before Speyer filed her original complaint in this Court.  On July 14, 2009, the Bankruptcy Court issued a preliminary injunction barring Speyer from pursuing any action against Hyman Co. and Nat Hyman.  Speyer subsequently entered into a settlement agreement with Hyman Co. and Nat Hyman releasing all her claims against both entities.  The settlement agreement was approved by the Bankruptcy Court on June 24, 2010. On July 7, 2010, Speyer amended her complaint to remove Hyman Co. and Nat Hyman as defendants.

Kieselstein filed a third-party complaint (the "Third Party Complaint") against Hyman Co. and Nat Hyman on September 30, 2010.  The Third Party Complaint alleges that Kieselstein is

entitled to "indemnification or contribution" from Hyman Co. and Nat Hyman in the event that Kieselstein is found liable to Speyer in this action.

According to the Third Party Complaint, Kieselstein entered into an agreement (the "2006 Agreement") with Hyman Co. and Nat Hyman, the president and Chief Executive Officer of Hyman Co., in July of 2006.  The 2006 Agreement provided that Hyman Co. would sell Kieselstein's jewelry on consignment at the Madison Avenue Store.  As the owner and operator of the Madison Avenue Store, Hyman Co. was solely responsible for the hiring and management of the Madison Avenue Store's employees, including Bonilla and Speyer.  Kieselstein therefore disclaims all responsibility for any discrimination or harassment experienced by Speyer during her career at the Madison Avenue Store.

The Bankruptcy Court's Order of December 29, 2010 confirming the reorganization plan for Hyman Co. (the "Confirmation Order") provides that

> Except as provided herein or the Plan, as of the Effective Date, all Entities that have held, currently hold or may hold a claim against the Debtor are permanently enjoined from taking any of the following actions:  (a) commencing or continuing in any manner any action or other proceeding against the Debtor or its property, including the employment of process, or an act, to collect, recover or offset any such Claim as a personal liability of the Debtor; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor or its property; [and] (c) attempting to assert claims against the Released Parties for any claims which

       arose prior to the Effective Date to the extent that
       the claim is a claim for which the Debtor is also
       liable and only if no Event of Default under the Plan
       or documents provided for in Article X of the Plan has
       occurred . . . .

(Emphasis supplied.)  The Confirmation Order defines "Debtor" to

include Hyman Co.  It includes Nat Hyman in the definition of

"Released Parties."  The reorganization plan defines "Effective

Date" as "the fifteenth (15th) Business Day immediately

following the date on which the Confirmation Order becomes a

Final Order."  The Effective Date is therefore February 3, 2011.

    On November 22, 2010, Nat Hyman and Hyman Co. filed a

motion to dismiss the Third Party Complaint.  An Order of

December 7 provided notice to Kieselstein and an opportunity to

amend the Third Party Complaint.  The motion to dismiss stated

that the Bankruptcy Court was scheduled to confirm the plan of

reorganization for Hyman Co. on December 29.  Therefore, the

Court ordered the parties to provide a report on the status of

the reorganization on February 7; the third-party defendants

responded by submitting a copy of the Confirmation Order.  On

February 9, the Court ordered Kieselstein to show cause why the

reorganization plan did not discharge the claim for

indemnification against the Hyman defendants.  By letter of

February 16, Kieselstein disputed the third-party defendants'

assertion that the reorganization plan discharged its claim of

indemnification; the Court therefore ordered the third-party

defendants to make any motion to dismiss the Third Party

Complaint on the basis of the entry of the reorganization plan

by March 11, 2011.  The motion was fully submitted on April 1.


DISCUSSION

The third-party defendants primarily contend that

Kieselstein's claim for indemnification or contribution was

discharged and permanently enjoined by the Confirmation Order.

The third-party defendants also assert that Kieselstein's claim

for indemnification is actually a claim for contribution, which

is barred by New York General Obligations Law § 15-108(b).

Finally, the third-party defendants argue that the filing of the

Third Party Complaint was a violation of the preliminary

injunction orders issued by the Bankruptcy Court and of the

automatic stay that applies under 11 U.S.C. § 362(a).

The express terms of the Bankruptcy Court's Confirmation

Order permanently enjoin any action by Kieselstein against Hyman

Co.  The Confirmation Order unequivocally provides that "all

Entities that have held, currently hold or may hold a claim

against the Debtor are permanently enjoined from . . .

commencing or continuing in any manner any action or other

proceeding against the Debtor or its property . . . ."  The

broad language of the Confirmation Order enjoins both current

and future claims against the Debtor, Hyman Co.  Thus, any claim

by Kieselstein for indemnification from Hyman Co. which may
arise out of this litigation is barred by the Confirmation
Order.

Kieselstein argues in its supplemental briefing on the
reorganization plan that even if the Court finds that the claims
against Hyman Co. have been discharged by the reorganization
plan, it should nevertheless allow Kieselstein to pursue any
insurance proceeds from Hyman Co.'s bankruptcy estate.
Kieselstein would only be entitled to insurance proceeds,
however, if it was able to establish its claim for
indemnification.  Since any claim for indemnification was
discharged by the Bankruptcy Court's Confirmation Order,
Kieselstein has no basis on which to pursue proceeds from any
insurance policy held by Hyman Co.

Kieselstein's claim for contribution against Nat Hyman is
barred by New York General Obligations Law § 15-108(b), as
Kieselstein concedes.  Section 15-108(b) provides that a
"release given in good faith by the injured person to one
tortfeasor . . . relieves him from liability to any other person
for contribution."  Because Speyer entered into a settlement
agreement with both Hyman Co. and Nat Hyman, Nat Hyman is
relieved of liability to Kieselstein for contribution by the
terms of § 15-108(b).

Kieselstein further fails to allege facts giving rise to a

claim for indemnification against Nat Hyman. [3]  Kieselstein has

not alleged that the 2006 Agreement contained an indemnification

provision; rather, it asserts a common-law claim for

indemnification.  The New York Court of Appeals has held that

the concept of duty is central to a finding of implied

indemnification:

> Conceptually, implied indemnification finds its
> roots in the principles of equity.  It is nothing
> short of simple fairness to recognize that (a)
> person who, in whole or in part, has discharged a
> duty which is owed by him but which as between
> himself and another should have been discharged
> by the other, is entitled to indemnity.  To
> prevent unjust enrichment, courts have assumed
> the duty of placing the obligation where in
> equity it belongs.

McDermott, 50 N.Y.2d at 216-17 (citation omitted).  Kieselstein

has not identified any duty owed by Nat Hyman to Speyer; indeed,

its argument concerning indemnification is based solely on the

---

[3] The third-party defendants argue that any claim by Kieselstein
against Nat Hyman is enjoined by the Confirmation Order.  The
Confirmation Order, however, only bars claims against Hyman
which arose prior to the Effective Date of the reorganization
plan.  The Second Circuit has held that "the time a claim arises
is determined under relevant non-bankruptcy law."  In re
Manville Forest Products Corp., 209 F.3d 125, 128 (2d Cir.
2000).  Under New York law, claims for indemnification accrue
"upon payment by the party seeking indemnity."  McDermott v.
City of New York, 50 N.Y.2d 211, 217 (1980).  Any claim for
indemnification by Kieselstein would therefore "arise" under New
York law sometime in the future, in the event that Kieselstein
is found to be liable to Speyer.  Because any claim for
indemnification or contribution against Nat Hyman does not arise
prior to the Effective Date of the reorganization plan, it is
not discharged by the Confirmation Order.

relationship between Kieselstein and Hyman Co., without mention of Nat Hyman's role.  Kieselstein has not asserted that the 2006 Agreement contained any provision specifying that Nat Hyman was responsible for the management of employees.  Kieselstein has failed to allege that Nat Hyman directly supervised Speyer's manager, Bonilla, or that Nat Hyman played any role in the decision to fire Speyer.  Accordingly, Kieselstein has not established that equity requires that Nat Hyman indemnify Kieselstein for any liability incurred to Speyer, and its claim for indemnification from Nat Hyman must be denied for this reason as well.

### CONCLUSION

The third-party defendants' November 22, 2010 motion to dismiss the Third Party Complaint is granted.

SO ORDERED:

Dated:     New York, New York
           May 24, 2011

_____
DENISE COTE
United States District Judge